**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Randy S. Roberts, | ) | No. CV-09-1873-PHX-FJM |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| United States, | ) ) | |
| Defendant. | ) ) ) | |

Before the court is defendant's motion to dismiss (doc. 8), plaintiff's response (doc. 10), defendant's reply (doc. 12), and plaintiff's "supplemental rebuttal" (doc. 13). We also have before us defendant's motion to vacate the scheduling order (doc. 15), and plaintiff's response (doc. 16).

In 1965, plaintiff was discharged from the United States Army with an "other than honorable" characterization of service for a pattern of misconduct. Plaintiff alleges that his discharge status was wrongfully based on a medical officer's false testimony that he was psychologically competent and therefore unqualified for a medical discharge. In 2003, plaintiff applied to the Army Board for Correction of Military Records ("Army Board") seeking correction of his military records. The Army Board denied his application for relief, as well as his 2005 request for reconsideration.

In 2006, plaintiff filed a wrongful discharge action in this court, alleging that the discharge determination was based on a medical officer's false testimony. See Roberts v. Harvey, 2007 WL 2774462 (D. Ariz. Sept. 24, 2007). He sought an upgrade of his discharge characterization and damages caused by his allegedly wrongful discharge. The court dismissed plaintiff's claims, concluding that neither the Administrative Procedure Act, the All Writs Act, nor the Federal Tort Claims Act served as a basis for jurisdiction. The court also dismissed plaintiff's claim under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), for lack of subject matter jurisdiction because plaintiff's claim exceeded the $10,000 statutory maximum.[1] The court explained that plaintiff's claim is properly in the United States Court of Federal Claims.

In 2007, plaintiff filed a complaint in the Court of Federal Claims, again alleging that he was wrongfully discharged because of perjured testimony, and seeking back pay, benefits and correction of his military records. Roberts v. United States, 2008 WL 4443107 (Ct. Fed. Cl. Sept. 26, 2008) ("Ct. Fed. Claims Order"). The court found that plaintiff's claim accrued upon his discharge in 1965, more than forty years before his complaint was filed, and held that the claim was barred by the six-year statute of limitations. See 28 U.S.C. § 2501. The court rejected plaintiff's equitable tolling, legal disability, and accrual suspension claims and dismissed the complaint. The United States Court of Appeals for the Federal Circuit affirmed the decision. Roberts v. United States, 312 Fed. Appx. 340, 341 (Fed. Cir. 2009) ("Fed. Cir. Order").

Having been denied relief in the Court of Federal Claims and the Federal Circuit on appeal, plaintiff has now returned to this court, again premising jurisdiction on the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, and the Little Tucker Act, 28 U.S.C.

---

[1] The Tucker Act provides jurisdiction in the Court of Federal Claims for any non-tort claim against the federal government founded on the Constitution, a statute, a regulation, or an express or implied contract. 28 U.S.C. § 1491. The Little Tucker Act creates concurrent jurisdiction in the district courts and the Court of Federal Claims for these same claims, not exceeding $10,000 in amount. 28 U.S.C. § 1346(a)(2).

§ 1346, but this time limiting his claim for monetary damages to less than $10,000.[2] This court has already instructed plaintiff that the APA does not independently confer jurisdiction on the district courts. See Roberts v. Harvey, 2007 WL 2774462, at *2 (citing Califano v. Sanders, 430 U.S. 99, 107, 97 S. Ct. 980 (1977)). Rather, the APA provides standards for judicial review of an agency action where there first exists an independent basis for subject matter jurisdiction. Gallo Cattle Co. v. U.S. Dept. of Agriculture, 159 F.3d 1194, 1198 (9th Cir. 1998). We do, however, have jurisdiction concurrent with the Court of Federal Claims pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Nevertheless, we conclude that the claim is barred by the statute of limitations.

Every civil action against the United States is barred unless the complaint is filed within six years after the right of action first accrues. 28 U.S.C. § 2401(a).[3] "In a military discharge case, . . . the plaintiff's cause of action . . . accrues at the time of the plaintiff's discharge." Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Therefore, plaintiff's claim accrued upon his discharge from the Army on January 18, 1965. As such, absent tolling, the six-year statute of limitations bars his claim. See 28 U.S.C. § 2401(a).

The applicability of certain tolling doctrines has already been resolved by the Court of Federal Claims and by the Federal Circuit on appeal. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000). A federal court decision has preclusive effect where (1) the issue previously decided is identical to the one sought to be relitigated; (2) the first proceeding ended with a

---

[2]In his response to the motion to dismiss, plaintiff appears to waive his Little Tucker Act claim for back pay and now limits his claim to an upgrade of the characterization of his discharge under the APA. Response at 8-9. This change does not affect our analysis.

[3]This statute of limitations applies whether plaintiff's claim is based on the APA or on the Little Tucker Act.

final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party in the first proceeding. Id.

At the Court of Federal Claims, the government moved to dismiss plaintiff's claim because it was barred by the six-year statute of limitations. Plaintiff raised the tolling doctrines of equitable tolling, legal disability, and accrual suspension. Ct. Fed. Claims Order *2-4. The court rejected plaintiff's tolling arguments, concluding that the relevant statute of limitations, 28 U.S.C. § 2501, is not subject to equitable tolling. The court found that if plaintiff had any legal disability at the time of his discharge it ceased to exist in January 2003 when he was lucid enough to pursue administrative remedies. Id. at *3. The court also rejected plaintiff's reliance on the accrual suspension doctrine, finding that plaintiff clearly believed in 1965 that his discharge had been unlawfully procured, that the facts surrounding the alleged perjured medical testimony were not inherently unknowable, and there was no evidence of government concealment. Id. at *4. The Federal Circuit affirmed the decision concluding that "there is no indication in the record that the government concealed any attempt to falsely diagnose Roberts as mentally healthy. Nor is there any indication that his injury was 'inherently unknowable' at the time." Fed. Cir. Order, 312 Fed. Appx. at 342. The court rejected Roberts' contention that he only learned of the facts giving rise to his claim once he reviewed his military service records in 2004. The court noted that Roberts "has failed to demonstrate, or even suggest, . . . that those records were unavailable from the time of his discharge until 2004." Id.

The parties in this action are the same as the parties before the Court of Federal Claims. The transactions underlying both cases are identical, notwithstanding plaintiff's attempt to distinguish the present cause of action by limiting his damages to less than $10,000. Plaintiff again argues that his discharge characterization was improperly based on perjured testimony of a medical officer who found him psychologically competent, and therefore, unqualified for a medical discharge. The tolling issues considered by the Claims Court and the Federal Circuit are identical to those presented here. Plaintiff is collaterally estopped from challenging these conclusions in this court. We reaffirm the conclusion that

plaintiff has not demonstrated that he either actively pursued his legal remedies during the ensuing 45 years or that extraordinary circumstances stood in his way. Therefore, equitable tolling is not warranted.

Roberts continues to argue that no court has considered his claim that the Army relied on perjured testimony to determine his discharge characterization. He refers to the Claims Court's dismissal of his claim as barred by the statute of limitations as a "technicality." But the statute of limitations is more than a mere technicality. Statutes of limitations serve the important goal of promoting justice by protecting parties from the prosecution of stale claims, where the loss of evidence, whether by death, disappearance, or fading memories of witnesses, or loss of documents, often makes it impossible to establish the truth. Because of these important policy considerations, the expiration of the statute of limitations will bar a plaintiff's claim "without regard to whether the claim would otherwise be meritorious." United States v. Dalm, 494 U.S. 596, 610 n.7, 110 S. Ct. 1361, 1369 n.7 (1990).

Plaintiff challenges findings by medical officers that occurred almost 45 years ago. These individuals are likely now deceased or at a minimum unable to accurately recall the facts and circumstances supporting their conclusions. Relevant documents are likely lost or destroyed. It would be difficult, if not impossible, to now fairly assess the propriety of his discharge.

Finally, in his "supplemental response" plaintiff for the first time attempts to characterize the accrual date of his claim as occurring in 2003 and 2005 when the Army Board considered his first challenge to his 1965 discharge. He contends that the Board improperly used the same testimony to again deny his application for discharge upgrade. We will not consider arguments raised for the first time in a reply brief. At all events, the Board's review of his claim does not constitute a new injury so as to support an entirely new claim.

**IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 8). It is further ordered vacating the Rule 16 conference scheduled for February 26, 2010.

1    **IT IS ORDERED DENYING** defendant's motion to vacate scheduling order as moot
2    (doc. 15).
3    We urge plaintiff to seek the advice of counsel. If he does not have one, he may wish
4    to contact the Lawyer Referral Service of the Maricopa County Bar Association at 602-257-
5    4434. Counsel could explore the possibility of non-judicial approaches available to plaintiff.
6    DATED this 11th day of February, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge